CHARLES F. McGUNIGLE *vs.* THE TRAVELERS INSURANCE
COMPANY.

FEBRUARY 6, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This bill in equity is brought to compel specific performance of certain identical provisions in two written contracts of insurance, which are respectively evidenced by life insurance policies numbered 1299911 and 1350687. As the questions in controversy are the same in both instances, we will deal with the cause as if only the first of the aforesaid policies were before us, our decision, however, applying with equal force to both policies.

The respondent demurred to the bill on the ground that there was an adequate remedy at law. This demurrer was heard and overruled by a justice of the superior court and an exception was duly noted to such ruling by the respondent. Thereafter the cause was heard by another justice of that court on bill, answer, replication and proof.

Before taking evidence the respondent objected to a hearing on the merits on the same ground set forth in its demurrer, and at the close of the evidence it moved that the bill be denied and dismissed for the same reason. The trial justice ruled against the respondent in both instances. Al-

though the respondent does not now press its objections to these rulings, it calls them to our attention for the purpose of showing due diligence in support of its contention that the complainant had an adequate remedy at law.

The cause is before us on respondent's appeal from a decree granting the prayer of the bill. The reasons of appeal are that the demurrer should have been sustained; that certain rulings on evidence are erroneous; and that the findings of fact by the trial justice and the decree based thereon are against the law and the evidence and the weight thereof.

The following allegations appear in the bill: In policy No. 1299911, which is dated February 4, 1927, the respondent, in consideration of premiums to be paid by the complainant agreed to insure the latter's life in the amount of $16,000. Under the heading "Permanent Total Disability Benefits" the respondent further agreed as follows: "Upon due proof that since the payment of the initial premium upon .this contract, before a default in the payment of any subsequent premium, and before the anniversary of this contract nearest the sixty-fifth anniversary of the date of birth, the Insured has become wholly disabled by bodily injuries or disease and will be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the Company will waive the payment of any premiums which may fall due on this contract during such disability and will pay for each completed month from the commencement of such disability and during its continuance the disability income stated on the first page of this contract." On the first page of the policy it is provided: "In accordance with the provision for Permanent Total Disability Benefits, and subject to the conditions thereof, the Company will pay to the Insured a monthly income of One Hundred Sixty Dollars."

The bill further alleges that the policy is in full force and effect; that the complainant was born on January 27, 1878; that, on or about November 25, 1942, he became wholly disabled by bodily injuries and disease and has since been

and will be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit; that, on or about July 6, 1943, he furnished to the respondent due proof of his disability on forms provided for that purpose by the respondent, which proof has ever since been retained by it; that the respondent has refused to carry out the terms of its contracts in accordance with the provisions of the disability benefits clause of the policy; that, because of its refusal to comply with the provisions of that clause, the complainant was wrongfully compelled to pay premiums on the policy since November 25, 1942, and that he will be further compelled to pay such premiums during the remainder of his life in order to keep all the provisions of the policy in full force and effect.

The bill then alleges that the complainant is without adequate remedy at law. It therefore prays that the respondent be ordered specifically to perform its agreements in said policy; that it be ordered to pay to the complainant the sum then due under the total disability clause, with interest thereon; and that he be granted such other and further relief as the equities of the cause may require. The bill was filed September 23, 1943.

The first question for consideration is whether the superior court erred in overruling respondent's demurrer. This fundamental question is of vital importance, as in this state, in the absence of statute, the distinction between jurisdiction in law and in equity has been consistently and strictly observed in all instances where the issue of jurisdiction has been properly raised in the cause. The respondent here has clearly raised that issue. See *Setchell Auto Parts v. Artamian & Sutcliffe,* 50 R. I. 144.

There are at least five cases in our reports involving claims for total and permanent disability under clauses for such benefits in life insurance policies. The following four cases are all actions at law: *Pannone* v. *John Hancock Mutual Life Ins. Co.,* 52 R. I. 95; *Grenon* v. *Metropolitan Life Ins. Co.,* 52 R. I. 453; *Davis* v. *Equitable Life Assurance*

*Society,* 61 R. I. 414; and *Wolf* v. *Prudential Ins. Co. of America,* 62 R. I. 270. The fifth case, *Cole* v. *Metropolitan Life Ins. Co.,* 54 R. I. 88, is a suit in equity. Any doubt that may have arisen, because of the decision in the *Cole* case, as to whether, in the absence of special circumstances supporting jurisdiction in equity, original jurisdiction in this class of cases is in law or in equity or in both, is more apparent than real.

The *Cole* case is not authority for the proposition that equity has jurisdiction in the ordinary case for the recovery of disability benefits under the provisions for such benefits in a life insurance policy. Our examination of the papers in that case shows that the respondent there did not demur to the bill for lack of jurisdiction nor did he raise that question in his answer; and the opinion does not consider, discuss or refer in any way to the question of jurisdiction. It is clear to us that the court in the *Cole* case followed the rule in *Setchell Auto Parts* v. *Artamian & Sutcliffe, supra,* and therefore did not concern itself with any question of jurisdiction.

The primary allegations in the bill now before us are to the effect that, on or about November 25, 1942, the complainant became wholly disabled for life within the meaning of the disability clause in the policy; that he furnished the required proof of such disability to the respondent; and that it has refused to pay him the disability benefits that he was entitled to under said clause. As auxiliary allegations to this basic claim he alleges that, because of such refusal, he has been compelled to pay premiums on the policy notwithstanding respondent's agreement to waive the payment of premiums if he were wholly disabled, and that he will be further compelled to pay such premiums for the rest of his life in order to keep the policy in full force and effect.

These allegations fall into two distinct categories: allegations of existing facts and allegations of situations that do not presently exist and may never arise. The substance of the allegations of existing facts is that the respondent re-

fused to pay to the complainant a sum of money which the latter claimed as accrued disability benefits. The other allegations, relating to complainant's right to a waiver of premiums, depend entirely upon the establishment or admission of the disability under the policy. Until liability was thus fixed, the complainant would not be entitled to the benefits of such provision. These latter allegations are nothing more than statements of complainant's anxiety and anticipation of possible wrongful conduct by the respondent in the future without alleging any existing cause to fear that result once disability was legally established. Allegations of the character just mentioned of themselves furnish no ground for equity jurisdiction.

The issue under consideration is therefore limited to the narrow question of whether jurisdiction in equity can be supported on the remaining allegations in the bill, namely, that the respondent has refused to pay to the complainant an accumulated sum of money representing disability benefits which the latter should have received in monthly installments. It is well established that when the primary right alleged in a bill is purely legal and only money is sought to be recovered as a debt, the right of action not being dependent upon or connected with any equitable feature, equity has no jurisdiction. *Onorato* v. *Mancini,* 65 R. I. 115; *McKittrick* v. *Bates,* 47 R. I. 240. See *Duffy* v. *Providence Teaming Co., Inc.,* 49 R. I. 476.

In the circumstances of this cause, complainant's basic right alleged in the bill is merely a claim for the payment of a money debt under a contract. In such cases equity has no jurisdiction, because the remedy at law is adequate and complete to establish respondent's liability. If the complainant here prevailed by establishing disability under the policy in an action at law, a final judgment in that action would establish that he was entitled to receive the accrued benefits and the return of all premiums paid by him since the date of his disability. Thereafter the respondent would be bound to perform its obligations under the policy as long

as complainant's disability continued within the meaning of the disability clause.

In our opinion, the bill in this cause should have been denied and dismissed for lack of jurisdiction.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for the entry of a decree in accordance with this opinion.

*Charles E. Tilley, Eugene J. Phillips, Swan, Keeney & Smith,* for complainant.

*Henry M. Boss, Claude R. Branch,* for respondent.